Opinion issued June 27, 2002











 






In The

Court of Appeals

For The

First District of Texas





 NOS. 01-01-00304-CR

 01-01-00305-CR

____________


EDDIE BUSTAMANTE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause Nos. 832125 and 832252






O P I N I O N

 Appellant, Eddie Bustamante, without agreed punishment recommendations
from the State, pleaded guilty to murder in cause number 832125 and aggravated
assault in cause number 832252. The trial court found appellant guilty and made an
affirmative finding that a deadly weapon was used in each offense. The trial court
sentenced appellant to 45 years confinement for the murder and 20 years confinement
for the aggravated assault, with the sentences to run concurrently.

 In six points of error, appellant argues his guilty pleas were involuntary and he
was denied due process and due course of law because he was not admonished as to
the applicable range of punishment in each cause.

 We affirm.

Facts


 During the early morning hours of December 25, 1999, appellant and two co-defendants, Edmund Blair and Braulio Sepulveda, who were all riding in Blair's car,
got into an altercation with the occupants of another car. They attempted to follow
the occupants of the other car into a residential area, and then fired several gunshots
into what the defendants believed, incorrectly, was the home of the other car's
passengers. Appellant, Blair, and Sepulveda fired gunshots into the homes of several
innocent persons, killing one man as he slept in his bed and seriously wounding
another man in another house.

 The trial court found all three men guilty as charged.


Admonishments


 In six points of error, appellant asserts the trial court erred in failing to
admonish him as to the appropriate range of punishment for each offense charged and
that, consequently, his guilty pleas were involuntary and he was deprived of due
process and due course of law.

 A defendant must be admonished by the trial court as to the applicable range
of punishment for the offense(s) to which he is pleading guilty. Tex. Code Crim.
Proc. Ann. art. 26.13(a) (Vernon Supp. 2002). Here, the written admonishments
signed by appellant and contained in the original clerk's records presented to this
Court did not indicate that appellant was admonished as to the applicable range of
punishment for either offense. However, the State requested, and we have received,
supplemental clerk's records which contain complete copies of the written
admonishments signed by appellant in each case. The complete copies of the
admonishments clearly indicate that appellant was in fact informed of the applicable
range of punishment for each offense charged.

 We overrule appellant's points of error.


Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Hedges, Jennings, and Price. (1)


Do not publish. Tex. R. App. P. 47.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.